AUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN McCAIN,

                Plaintiff,

-against-

WESTCHESTER COUNTY JAIL;
CORRECTIONAL OFFICER YEAGLEY
#1713,

                Defendants.

19-CV-10209 (COM)

ORDER TO SHOW CAUSE UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, a prisoner currently held in the Willard Drug Treatment Campus, filed this action *pro se* and seeks *in forma pauperis* ("IFP") status.[1] The Court directs Plaintiff to show cause why he is not barred from proceeding with this action IFP under the Prison Litigation Reform Act's three-strikes provision.

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act ("PLRA") added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court finds that Plaintiff accumulated at least three strikes under the PLRA before he filed the present complaint, and he is therefore barred under § 1915(g) from

---

[1] Plaintiff filed his complaint while he was incarcerated in the Downstate Correctional Facility. On December 4, 2019, the Court received a letter with attachments from Plaintiff. The Court construes that letter as a supplement to Plaintiff's complaint.

filing any federal civil action IFP while he is a prisoner. *See McCain v. Hamitt*, ECF 7:04-CV-6677, 12 (S.D.N.Y. Jan. 27, 2005) (granting the defendants' motion under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim); *McCain v. Theologos*, ECF 1:05-CV-6129, 3 (S.D.N.Y. June 30, 2005) (dismissing for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)); *McCain v. Fisher*, ECF 1:05-CV-6562, 3 (S.D.N.Y. July 20, 2005) (same); *McCain v. Walsh*, No. 1:09-CV-0262 (W.D.N.Y. Jan. 07, 2011) (dismissing as untimely for failure to state a claim under 28 U.S.C. § 1915A(b)); *McCain v. Shelby*, No. 6:16-CV-6624 (W.D.N.Y. June 7, 2017) (dismissing for failure to state a claim under § 1915(e)(2)(B)(ii) and § 1915A). Because Plaintiff is barred under the PLRA's three-strikes provision, unless he was "under imminent danger of serious physical injury" at the time that he filed his complaint, he must pay the fees to bring this action.

Plaintiff does not allege any facts suggesting that he was under imminent danger of serious physical injury at the time that he filed his complaint.[2] Instead, Plaintiff alleges that in September 2019, while he was held in the Westchester County Jail ("WCJ"), he was assaulted by other prisoners, but correction staff failed to protect him. He filed his complaint while incarcerated in the Downstate Correctional Facility, after the alleged events in the WCJ had passed. Accordingly, Plaintiff does not allege any facts that show that he qualifies for the exception to the PLRA's three-strikes provision.

**NOTICE AND OPPORTUNITY TO BE HEARD**

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d

---

[2] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

2

108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing cause why he is not barred under the PLRA's three-strikes provision from proceeding with this action IFP. Plaintiff must show either that two or more of the dismissal orders listed above should not be counted as "strikes" or that he was under imminent danger of serious physical injury at the time that he filed his complaint. Plaintiff must submit the declaration within 30 days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice to Plaintiff's paying the requisite $400.00 in fees to bring this action within 30 days, and recognize Plaintiff as barred under the PLRA's three-strikes provision.

## CONCLUSION

The Clerk of Court is directed to assign this case to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court directs Plaintiff to show cause why he is not barred from proceeding with this action IFP under the PLRA's three-strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within 30 days explaining any reason why he should not be barred from bringing this action IFP. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice to Plaintiff's paying the requisite $400.00 in fees to bring this action within 30 days, and recognize Plaintiff as barred under § 1915(g) from filing future federal civil actions IFP while he is a prisoner.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: December 16, 2019
        New York, New York

                                                      COLLEEN McMAHON
                                          Chief United States District Judge