UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN McCAIN,<br><br>                      Plaintiff,<br><br>          -against-<br><br>WESTCHESTER COUNTY JAIL;<br>CORRECTIONAL OFFICER YEAGLEY<br>#1713,<br><br>                    Defendants. | 1:19-CV-10209 (CM)<br><br>BAR ORDER UNDER<br>28 U.S.C. § 1915(g) |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff files this action *pro se* and seeks to proceed *in forma pauperis* (IFP). On December 16, 2019, the Court noted that while a prisoner, Plaintiff has filed three or more federal civil actions or appeals that were dismissed as malicious, frivolous, or for failure to state a claim on which relief may be granted, and it ordered Plaintiff to show cause within thirty days why he is not barred under 28 U.S.C. § 1915(g) from proceeding with this action IFP. Plaintiff filed a declaration, which the Court received on January 10, 2020, but it does not provide sufficient reason not to recognize Plaintiff as barred under § 1915(g) or not to dismiss this action under that statute's filing bar.

**CONCLUSION**

While Plaintiff has been a prisoner, he has filed three or more federal civil actions or appeals that are deemed "strikes" for the purpose of 28 U.S.C. § 1915(g) because they were dismissed as malicious, frivolous, of for failure to state a claim on which relief may be granted. Because Plaintiff has not shown cause why he is not barred under § 1915(g), the Court recognizes Plaintiff as barred under that statute from filing federal civil actions or appeals IFP while he is a prisoner unless he is under imminent danger of serious physical injury. The Court

warns Plaintiff that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

Accordingly, because Plaintiff is barred under § 1915(g), and has failed to show cause why he is not barred from proceeding with this action IFP, the Court denies Plaintiff's request to proceed IFP and dismisses this action without prejudice.[1] *See* § 1915(g).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 7, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[1] Plaintiff may commence a new federal civil action by paying the relevant fees to bring such an action. If he does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).